UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | CASE NO. 3:18CR24 (VAB) |
|---|---|---|
| V. | : : : : : | |
| CHRISTOPHER HAMLETT | : | September 24, 2018 |

OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
REGARDING REASONABLE OPPORTUNITY TO OBSERVE

Mr. Hamlett opposes the Government's Motion in Limine Regarding Reasonable Opportunity to Observe as moot because he does not intend to argue or suggest that even if the jury finds that the defendant had a reasonable opportunity to observe Jane Doe or Mary Smith, they may vote to acquit the defendant on the sex trafficking counts because he may have believed that Jane Doe and Mary Smith were over the age of eighteen.

The motion, while phrased as related to the "reasonable opportunity to observe" element of the offense, is actually just a motion to preclude the defense from making arguments or suggestions in support of jury nullification. The Second Circuit Court of Appeals has made clear that it "categorically reject[s] the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent." United States v. Thomas, 116 F.3d 606, 614 (2d Cir. 1997) (jury nullification, according to the Court is "[b]ased on the juror's preconceived, fixed, cultural, economic, [or] social ... reasons that are totally improper and impermissible"); see also United States v. West, 2010 U.S. Dist. LEXIS 57107 (N.D. Ill 2010) (unreported) ("Jury nullification occurs when the jury chooses to reject evidence or ignore law, thereby excusing a defendant's conduct based on the jury's sense of justice, or sense of fairness about a policy issue regarding a defendant's trial. ... This means that a defendant may not suggest the jury should acquit her if the government has met its burden of proof.") (citing Black's Law Dictionary, 936 (9th ed. 2009)).

2

Mr. Hamlett does not intend to argue or suggest a verdict based on jury nullification; however, he does intend to litigate all viable issues, including whether he had a reasonable opportunity to observe Jane Doe or Mary Smith. Mr. Hamlett will contest the elements of the offense, including the definition of "reasonable opportunity to observe," and whether the facts in this case meet that definition.

A conviction under 18 U.S.C. § 1591(a) requires proof that, inter alia, the defendant acted with knowledge, or "in reckless disregard of the fact," that the complaining witness was under the age of eighteen. See 18 U.S.C. § 1591(a). Alternatively, 18 U.S.C. § 1591(c) provides that where a defendant is prosecuted under § 1591(a)(1), and he "had a reasonable opportunity to observe" the alleged victim, "the Government need not prove that the defendant knew that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c):

> Viewed in context, the most natural reading of [§ 1591(c)] is that proof that the defendant had a reasonable opportunity to observe the victim may substitute for proof that the defendant knew the victim's underage status. Because § 1591(a) requires proof of knowledge or reckless disregard – not both – the government may satisfy its burden by proving knowledge or the substitute for knowledge under § 1591(c). Accordingly, § 1591(c) supplies an alternative to proving any mens rea with regard to the victim's age. . . . In sum, the plain reading of § 1591(c), and the only interpretation that preserves any meaning, is that the provision creates strict liability where the defendant had a reasonable opportunity to observe the victim. Accordingly, just as the District Court instructed, § 1591(a) and § 1591(c) provide the government with three distinct options—prove beyond a reasonable doubt that: (1) the defendant had knowledge of the victim's underage status; (2) that the defendant recklessly disregarded that fact; or (3) that the defendant had a reasonable opportunity to observe the victim.

United States v. Robinson, 702 F.3d 22, 32 (2d Cir. 2012) (emphasis in original).

Under § 1591, it is difficult to determine whether the standard for "reasonable opportunity to observe" has been met, in part because it is unclear what a "reasonable opportunity to observe" is. Unlike other terms in the statute, § 1591 does not define "reasonable opportunity to observe" or give any explanation for this concept. Cf. 18 U.S.C. § 1591(e) (defining, inter alia, "coercion," "commercial sex act," and "serious harm").

Further, while the phrase "reasonable opportunity to observe" apparently imposes criminal liability based on a person's purported ability to determine the alleged victim's age based on her appearance, the statute provides no guidance as to whether the focus is properly the reasonableness of the opportunity or the reasonableness of the conclusions drawn from observation of the alleged victim. For example, the defendant may have an opportunity to observe the alleged victim at length, but his observations may reasonably lead him to believe that the alleged victim is at least eighteen years of age. Additionally, the statute is vague as to how long a "reasonable" opportunity is: a day? A month? A year? The statute also does not indicate what frequency of contact over time provides a reasonable chance to observe the alleged victim, what types of interactions are deemed "reasonable" opportunities, or what types of observations are required to satisfy this element (e.g., observations of physical appearance, conduct, speech or writing, or interactions in particular social contexts). Nor does § 1591(c) indicate whether a "reasonable opportunity" takes into account the fact that, as here, Jane Doe stated that she was an adult, or the age gap between her true age (more than 17 ½ year old when the Government alleges she first met Mr. Hamlett) and the age of majority. Is a "reasonable opportunity to observe" the same where the alleged victim is a 12 year old as it is for someone who, as in this case, was allegedly just a few months shy of her 18 birthday?

Robinson does not provide any guidance on this issue. The defendant in Robinson did

not contest the sufficiency of the evidence regarding whether he had a "reasonable opportunity to observe" the complainant. Robinson, 702 F.3d 35. In assessing the evidence on knowledge or reckless disregard, the Court returned to factual questions about the degree of interaction between Robinson and his victim (including the length of their relationship) and the perceptions of police who were presumably trained observers, yet "were able to determine her true age only by producing her arrest record." Id. Mr. Hamlett is not contesting whether § 1591(c) can replace proof of means rea – the question resolved by Robinson – but how that substitution can be done – a question the Robinson Court did not address.

When the grand jury indicted Mr. Hamlett, it alleged that he had a "reasonable opportunity to observe" Jane Doe and Mary Smith. The Government will argue (at least in the alternative) that the mens rea requirement of § 1591(a) has been satisfied on the basis of that "reasonable opportunity to observe." Mr. Hamlett has a right to contest that allegation, and since "reasonable opportunity to observe" is not defined anywhere in the law, defense counsel has an obligation to question its meaning and whether it has been proven beyond a reasonable doubt. Any such effort is not an effort toward jury nullification.

Wherefore, Mr. Hamlett respectfully requests that the Court deny the Government's motion as moot.

RESPECTFULLY SUBMITTED
THE DEFENDANT,
Christopher Hamlett

/s/Moira L. Buckley
Moira L. Buckley
Assistant Federal Defender ct18803
Federal Defender Office
10 Columbus Boulevard, Fl. 6
Hartford, CT 06106
(860) 493-6260
Moira_Buckley@fd.org

<u>Certification</u>

      I hereby certify that on September 24, 2018, the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's system.

                                                                  <u>/s/Moira L. Buckley</u>
                                                                   Moira L. Buckley