**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |  |
|---|---|
| UNITED STATES,<br>    *Plaintiff*,<br><br>v.<br><br>CHRISTOPHER HAMLETT,<br>    *Defendant.* | No. 3:18-cr-00024 (VAB) |

**ORDER ON RESTITUTION**

On October 16, 2018, after a five-day trial, a jury found Christopher Hamlett guilty of two counts of sex trafficking of a minor under 18 U.S.C. § 1591(a)(1), (b)(2), and (c), five counts of unlawful activity under the Travel Act under 18 U.S.C. § 1952(a)(3)(A) and (b)(1)(i), and two counts of producing child pornography under 18 U.S.C. § 2251(a). Jury Verdict, ECF No. 305 (Oct. 16, 2018).

On September 9, 2019, the Court sentenced Mr. Hamlett to fifteen (15) years imprisonment on Counts 8 and 9, 120 months imprisonment on Counts 1 and 2, and sixty (60) months imprisonment on Counts 3-7, all concurrent, for a total term of fifteen years, as well as five (5) years supervised release, and a mandatory special assessment of $900. *See* Corrected Judgment, ECF No. 374 (Sept. 19, 2019).

On September 19, 2019, when judgment was entered, the Court also requested that the parties submit memoranda regarding the Government's request for restitution. *See id.*

On September 23, 2019, Mr. Hamlett objected to a restitution order. Response to Government's Request for Restitution, ECF No. 377 (Sept. 23, 2019) ("Def.'s Obj.").

On September 24, 2019, the Government replied, offering further calculations and modifying its request for restitution. Reply to Def.'s Obj., ECF No. 379 (Sept. 24, 2019) ("Gov't

1

Reply"). Originally, the Government estimated restitution of $9,900 to Jane Doe and $7,830 to Mary Smith. *See* Government Sentencing Memorandum, ECF No. 362 at 21 (June 23, 2019) ("Gov't Mem."); Sealed Presentence Investigation Report, ECF No. 357 ¶¶ 131-33 (June 10, 2019) ("PSR"). The Government now requests restitution of $9,900 to Jane Doe and $5,220 to Mary Smith. *See* Gov't Reply at 3-4.

Under 18 U.S.C. § 3663(a) and U.S.S.G. § 5E1.1, restitution shall be ordered in this case. *See also* PSR at ¶¶ 131-134. Under 18 U.S.C. § 1593, restitution is mandatory for cases of human or sex trafficking, and per § 1593(b)(3), the measure of restitution is the full amount of the victim's losses plus the value to the defendant of the victim's services or labor. Although the victims have claimed no compensable losses, the Government is entitled to seek restitution on their behalf. *See* Gov't Reply at 1-2. "The victims are entitled to restitution despite that their earnings came from the illegal conduct of prostitution." *See United States v. Mammedov*, 304 Fed. App'x. 922, 927 (2d Cir. 2008).

Mr. Hamlett argues that the "Government has not reliably demonstrated the amount of loss by a preponderance of the evidence," alleging that neither of the witnesses are credible. Def.'s Obj. at 1. Mr. Hamlett asserts that the use of $150 per visit is too high of an average amount, and that the proper estimate would be $100 per visit. *Id.* Thus, Mr. Hamlett requests the Court deny the Government's request for restitution.

The Court disagrees.

As already noted, restitution is mandatory in this case, since Mr. Hamlett was convicted of sex trafficking of a minor. *See* Jury Verdict. Additionally, because the Government has provided more detail in its calculations, *see* Gov't Reply, and has accordingly decreased the requested amount for Mary Smith, the Court will enter restitution in the amounts requested by

the Government.

As a result, the Court orders Mr. Hamlett to pay restitution of $9,900 to Jane Doe and $5,220 to Mary Smith.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of October, 2019.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge